IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
Civil Case No. 1:14-cv-00185-MR
[Criminal Case No. 1:05-cr-00246-MR-4]

| | |
|---|---|
| TERRELL QUANTE LEDBETTER, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) <br> _____) | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** is before the Court on an initial review of Petitioner's *pro se* Motion to Vacate, Set Aside or Correct Sentence which he filed pursuant to 28 U.S.C. § 2255 [Doc. 1]. For the reasons that follow, Petitioner's § 2255 motion will be denied and dismissed.

I.  **BACKGROUND**

On October 4, 2005, Petitioner and others were charged by the Grand Jury in this District with one count of conspiracy to possess with intent to distribute cocaine base in an amount of 50 grams or more, all in violation of 21 U.S.C. §§ 841(a)(1) and 846. [Criminal Case No. 1:05-cr-00246, Doc. 1: Indictment]. Petitioner was appointed counsel and later entered into a written plea agreement with the Government. Petitioner's

plea of guilty was accepted following a Plea and Rule 11 hearing before U.S. Magistrate Judge Dennis L. Howell. [Id., Doc. 55: Plea Agreement, Doc. 83: Acceptance and Entry of Guilty Plea].

The U.S. Probation Office prepared a presentence report (PSR) in advance of Petitioner's sentencing hearing. In the PSR, the probation officer recommended that Petitioner be designated as a career offender under U.S. Sentencing Guidelines Manual (USSG) § 4B1.1 and recommended an adjusted offense level of 37.[1] The PSR further indicated that Petitioner had sustained numerous prior felony convictions in North Carolina, including one count of felony possession with intent to sell or deliver cocaine and one count of felony sell or deliver cocaine (93CRS6161); one count of felony possession with intent to manufacture, sell or deliver a Schedule II Controlled Substance (95CRS1898); and three counts of felony common law robbery (95CRS5915, 95CRS5916, and 95CRS5917). [Id., Doc. 166: PSR ¶¶ 67, 78, and 79]. Based on the career offender enhancement, the probation officer recommended finding that Petitioner's statutory range was no less than 10 years nor more than life,

---

[1] Pursuant to § 4B1.1 a defendant qualifies for sentencing enhancement as a career offender if the defendant is at least 18 years old at the time of the present federal offense for which he was convicted, the present conviction is a crime of violence or a controlled substance offense, and the defendant at issue has at least two prior felony convictions for either a crime of violence or a controlled substance offense. U.S.S.G. § 4B1.1(a) (2005).

and that his Guidelines range was 262 to 327 months' imprisonment. [Id. at ¶¶ 120-121]. Petitioner's counsel objected to the application of the career offender enhancement, arguing that any determination regarding his prior convictions must be factual findings made by a jury. [Id. at 32 (citing Shepard v. United States, 544 U.S. 13 (2005)].[2]

On June 27, 2006, Petitioner appeared for sentencing before this Court, the Honorable Lacy H. Thornburg presiding. Petitioner's counsel withdrew his objection to the career offender designation in light of the Government's motion for a downward departure pursuant to 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1. [Id., Doc. 116: Sentencing Tr. at 3]. The Court granted the Government's motion and based on the resulting reduction calculated a revised Guidelines range of 210 to 262 months' imprisonment. The Court then sentenced Petitioner to the low end of that revised range. [Id., Doc. 98: Judgment in a Criminal Case].

Petitioner noted a timely appeal to the United States Court of Appeals for the Fourth Circuit, challenging his sentence and asserting a claim for ineffective assistance of counsel. In an unpublished *per curiam* opinion the

---

[2] In Shepard, the Court held that a sentencing court, in determining whether a prior conviction qualified as burglary and therefore a predicate violent felony for establishing qualification as an armed career criminal under 18 U.S.C. § 924(e), was limited to an examination of the statutory definition of the prior conviction, the charging document, the written plea agreement, a transcript of the plea colloquy, and any factual findings to which the defendant under consideration had admitted.

3

Court affirmed Petitioner's criminal judgment and denied Petitioner's claim of ineffective assistance without prejudice, concluding that ineffectiveness did not conclusively appear in the appellate record. United States v. Ledbetter, 249 F. App'x 311 (4th Cir. 2007).

This § 2255 motion, which is Petitioner's first, was filed over six and a half years after his judgment became final.

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

In his § 2255 motion, Petitioner argues that his trial counsel rendered ineffective assistance of counsel because he failed to object to the application of the career offender enhancement. Specifically, Petitioner contends that his counsel should have argued that Petitioner did not have

the qualifying prior, predicate convictions for such an enhancement because he did not receive more than one year of imprisonment for each of the identified offenses. [Doc. 1 at 4; Doc. 1-1: Memorandum at 3]. In so arguing, Petitioner cites, among other authority, the Fourth Circuit's *en banc* opinion in United States v. Simmons, in which the Court held that in order for a prior felony conviction to serve as a predicate offense for either a crime of violence or a controlled substance offense, the individual defendant must have been convicted of an offense for which that defendant could have been sentenced to a term exceeding one year. United States Simmons, 649 F.3d 237 (4th Cir. 2011).

As previously noted, Petitioner did not file this § 2255 motion until over six years after his judgment became final. The Antiterrorism and Effective Death Penalty Act (AEDPA), provides in relevant part, that a one-year period of limitation shall apply to a motion under Section 2255. The limitation period shall run from the latest of —

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Petitioner's motion is clearly untimely under § 2255(f)(1), and none of the other subsections of § 2255 are applicable in this case. Furthermore, Petitioner has not presented sufficient grounds for the Court to apply equitable tolling.

Even if Petitioner's motion were timely, he would not be entitled to Simmons relief. According to the PSR, Petitioner was convicted of felony possession with intent to sell and deliver cocaine and felony sell and deliver cocaine, for which Petitioner received an active term of five years' imprisonment. This is a controlled substance felony, even after Simmons. Petitioner also had three felony common law robbery convictions, for which he was sentenced to consecutive terms of 16 to 20 months' imprisonment. Common law robbery is a crime of violence within the meaning of the career offender provision. United States v. Fonville, 5 F.3d 781 (4th Cir. 1993); United States v. Webb, 452 Fed. Appx. 316 (4th Cir. 2011). This also is a felony conviction, even after Simmons. Thus, Petitioner has the

6

two necessary felony convictions for career offender designation. Because Petitioner was properly classified as a career offender, his claim for ineffective assistance of counsel fails.

## IV. CONCLUSION

Based on the foregoing, the Court concludes that Petitioner's § 2255 must be denied and dismissed.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

## ORDER

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate [Doc. 1] is **DENIED** and **DISMISSED**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability.

The Clerk is respectfully directed to close this civil case.

**IT IS SO ORDERED.**

Signed: September 9, 2014

Martin Reidinger
United States District Judge